IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Criminal No. 3:15-12 |
| | ) |
| **JOHN F. BOSLET** | ) |

**Memorandum Opinion and Order**

Defendant John F. Boslet has filed a Motion for Early Termination of Supervised Release. ECF No. 179. The government has filed a response opposing the motion. ECF No. 183. On April 18, 2019, Mr. Boslet pleaded guilty to one count of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B). His calculated guideline sentence range was 78 to 97 months' imprisonment. The sentencing Court varied significantly from the guideline range and imposed a sentence of 24 months' imprisonment, to be followed by ten years of supervised release. Mr. Boslet was released from his term of imprisonment in January 2021, which was when his term of supervised release began.

**I.     Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination, the Court must consider the

factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III.    Discussion

Mr. Boslet argues that early termination of his supervised release is warranted based upon the fact that he has complied with the conditions of his supervised release, he has maintained employment, and he has satisfied all fines and costs related to his case. He further points to the fact that he has no other criminal history, he suffered from Post Traumatic Stress Disorder after serving in the Army, and he served in the National Guard for eight years. He also points out that he has successfully completed a sex offender treatment program, he regularly participates in behavioral health therapy, and he has strong ties with friends and

---

[1] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

family. Lastly, he mentions travel and visiting outside of the Western District of Pennsylvania is limited and he does have close family ties outside of this District.

In opposing termination of supervised release, the government argues that Mr. Boslet has not identified any circumstance sufficient to warrant early termination of his supervised release; and, in any event, the section 3553(a) factors warrant denial of the motion. The government cites Mr. Boslet's extremely serious offense of conviction and argues that the conditions of supervision are required to continue to protect the public.

Mr. Boslet has been compliant with the terms of his supervision; however, the fact of compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases. There is no evidence that Mr. Boslet's terms of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, or to protect the public. Mr. Boslet's offense of conviction is extremely serious. As noted, the sentencing court varied from the low end of the guideline range of 78 months, to impose a sentence of only 24 months' imprisonment. The sentencing court also determined that a ten-year term of supervised release was appropriate in Mr. Boslet's case.

Our standard for evaluating whether early termination is warranted is broad: we are to determine whether the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It is to be hoped that all defendants on supervised release successfully comply with the conditions of supervision. Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases.

Mr. Boslet has been successful while on supervised release and appears to be working to continue to rehabilitate and improve himself. While laudable, Mr. Boslet's successes are exactly what supervised release contemplates. The Court acknowledges that supervised release presents burdens and barriers for defendants. However, there is no evidence that Mr. Boslet's conditions of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, deterrence, protection of the public, and punishment goals of sentencing, when considering the nature of the offenses he committed. Mr. Boslet's compliance with the terms and conditions of his supervision, alone, in this case, is not a sufficient reason to warrant the early termination of the ten-year term of supervised release. The fact that supervised release conditions mean that travel outside of the Western District is limited and that Mr. Boslet must obtain permission to leave the District, is a not an unusual consequence flowing from a federal conviction.

The Court concludes that the original term of supervision remains an appropriate term of supervised release. After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that early termination of Mr. Boslet's supervised release is not warranted.

Accordingly, the following Order is hereby entered.

AND NOW, this 17th day of September 2025, it is hereby ORDERED, that John F. Boslet's Motion for Early Termination of Supervised Release, ECF No. 179, is DENIED.

                                                  s/*Marilyn J. Horan*
                                                  Marilyn J. Horan
                                                  United States District Court Judge